**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

LAURA G.,[1]               )
                           )
       Plaintiff,        )     No. 23-cv-1651
                           )
          v.           )     Magistrate Judge Keri L. Holleb Hotaling
                           )
MARTIN J. O'MALLEY, Commissioner  )
of the Social Security Administration,   )
                           )
       Defendant.    )

## MEMORANDUM OPINION AND ORDER

Plaintiff Laura G. appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") ("SSA") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have filed cross motions for summary judgment.[2] For the reasons detailed below, the Court grants Plaintiff's motion for summary judgment (Dkt. 18), denies the Commissioner's motion for summary judgment (Dkt. 28-1), and remands this matter for further proceedings consistent with this Memorandum Opinion and Order.

### SOCIAL SECURITY REGULATIONS AND STANDARD OF REVIEW

In Social Security appeal cases, a court's scope of review is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018); *Hess v. O'Malley*, 92 F.4th 671, 676 (7th Cir. 2024); *see also* 42 U.S.C. § 405(g). "This is not a high threshold; it requires only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Deborah M. v. Saul*, 994 F.3d 785, 788 (7th Cir. 2021) (cleaned up) (citing *Biestek v. Berryhill*, 587

---

[1]    In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initial of her last name(s).

[2]    The Court construes "Defendant's Response to Plaintiff's Motion for Summary Judgment" (Dkt. 28-1) as a motion for summary judgment itself because it plainly seeks the same in its *ad damnum* paragraph.

U.S. 97, 102 (2019)). While reviewing a commissioner's decision, the Court may not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [our] judgment for that of the Commissioner." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (citation omitted). Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and his/her conclusion, which is satisfied by an "adequate[] discuss[ion of] the issues and evidence involved in the claim." *Hess*, 92 F.4th at 676; *Dunn v. Saul*, 794 F. App'x 519, 522 (7th Cir. 2019). Finally, as to this Court's obligations, "[a] district (or magistrate) judge need only supply the parties…with enough information to follow the material reasoning underpinning a decision." *Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024).

## BACKGROUND

On August 3, 2020, Plaintiff protectively filed a Title II application for DIB. (R. 164.) Later that same month, she also protectively filed a Title XVI application for SSI. (*Id*.) Plaintiff's amended disability onset date for both applications is July 27, 2017 (R. 121-122, 364-373.) After those claims were denied initially and upon reconsideration, an Administrative Hearing was held on August 26, 2021. (R. 197-212.) In an October 27, 2021 decision, Administrative Law Judge ("ALJ") Joel Fina found Plaintiff not disabled. (R. 164-180.) Plaintiff requested review of this decision and the Appeals Council remanded the claim for a new hearing and decision solely because "the hearing recording is missing from the record." (R. 186-191 at 188.)

A second Administrative Hearing was held before ALJ Fina on June 14, 2022. (R. 57-87.) At the hearing, Plaintiff amended her onset date of disability to September 12, 2017. (R. 60-61.) On September 8, 2022, ALJ Fina again found Plaintiff not disabled. (R. 31-50.) Plaintiff requested and was denied Appeals Council review (R. 1-6), rendering the Decision of the Appeals Council the final decision of the Commissioner, reviewable by the District Court under 42 U.S.C. § 405(g). *See*

20 C.F.R. § 404.981; *Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## DISCUSSION

Plaintiff contends the ALJ's September 8, 2022 decision requires remand for several reasons, including that the ALJ's analysis of her mental functioning was flawed.[3] The Court agrees, particularly related to the ALJ's disregard of the opinions of the Commissioner's own examining psychologist, Dr. Olga Green, and remands on this basis.

With respect to the opinions of examining psychologist Dr. Green, the ALJ wrote the following:

> Psychological consultative examiner, Olga Green, Psy.D. opined that [Plaintiff] demonstrated fair insight with regard to the issues and problems she faces. Based on findings and current functioning, the doctor opined that [Plaintiff's] ability to concentrate on and understand directions is good. Her ability to carry out tasks with persistence and pace is limited. Her ability to respond appropriately to co-workers and supervisors is fair. Her ability to tolerate stressors in the workplace is likely limited. She opined that [Plaintiff] is able to manage funds in her own interest.
>
> This has been considered but is not fully persuasive. While this level of limitation is generally consistent with [Plaintiff's] presentation at the evaluation, **the terms described by Dr. Green are not consistent[4] with the function by functional** (sic) **analysis used by the Social Security Administration.** However, the undersigned finds that the record supports mild limitations in understanding, remembering, or applying information, mild limitations in interacting with others, moderate limitations with regard to concentration persistence or maintaining pace, and mild limitations in adapting and managing oneself. This has been accommodated in the residual functional capacity.

(R. 47 (emphasis added).)

While the ALJ determined mild limitations were appropriate for Plaintiff, this differed from the findings of "limited" and "fair" abilities of Plaintiff as opined by Dr. Green. Under SSA regulations, a 'mild' limitation in mental functioning means a person's ability to function "independently, appropriately, effectively, and on a sustained basis is *slightly limited.*" 20 C.F.R. pt.

---

[3]  Of note, Plaintiff "does not dispute the ALJ's findings regarding her physical impairments…" (Dkt. 19, n. 6.)

[4]  The Court does not find the ALJ's use of the word "consistent" here in any way satisfied his duty to analyze Dr. Green's opinion under 20 C.F.R. § 404.1520c(c)(1)-(5) (emphasizing, *inter alia*, that an ALJ must analyze whether a medical source's opinions are supported by and consistent with other evidence of record).

404, subpt. P, App. 1, Listing 12.00.F.2.b (emphasis added). On the other hand, a 'fair' limitation (like Dr. Green opined) means 'sufficient but *not ample or adequate*.'" *See Stephanie B. v. Kijakazi*, No. 1:22-cv-00541-MG-SEB, 2023 WL 2582051, at *4 (S.D. Ind. Mar. 21, 2023) (emphasis added). And "limited" by itself, as used by Dr. Green, is, unfortunately, undefined – however, it is plain to the Court Dr. Green found Plaintiff to have *more than some* impairment, but exactly what more remains unclear. *See Hoeppner v. Berryhill*, 399 F. Supp. 3d 771, 778 (E.D. Wis. 2019).

Yet the Court is most concerned about the ALJ's curt dismissal of the more limiting aspects of Dr. Green's opinions, particularly as documented in the portion above bolded by the Court. While an ALJ certainly need not credit the opinions of the agency's own experts, "[r]ejecting the opinion of an agency's doctor that supports a disability finding is 'unusual' and 'can be expected to cause a reviewing court to take notice and await a good explanation'" even in this post-treating-physician-rule era. *Jones v. Saul*, 823 F. App'x 434, 439 (7th Cir. 2020) (citing *Beardsley v. Colvin*, 758 F.3d 834, 839 (7th Cir. 2014)). When an ALJ rejects an agency doctor's finding, a good explanation is required because the agency's own doctor is "unlikely…to exaggerate an applicant's disability." *Zima v. Comm'r of Soc. Sec.*, No. 3:20-cv-486 JD, 2021 WL 4237357, at *3 (N.D. Ind. Sept. 16, 2021) (citing *Garcia v. Colvin*, 741 F.3d 758, 761 (7th Cir. 2013)).

The Court does not find the ALJ's proffered reason of failure to provide a function-by-function analysis to constitute the type of "good explanation" necessary to reject Dr. Green's more severe opinions in favor of mild limitations in Plaintiff's mental functioning. "First, the Social Security regulations do not require a function-by-function analysis." *Diaz v. Berryhill*, No. 15-cv-11386, 2017 WL 497768, at *4 (N.D. Ill. Feb. 7, 2017) (citing *Virden v. Colvin*, No. 14-cv-1219, 2015 WL 5598810, at *9 (C.D. Ill. Sept. 22, 2015) ("governing regulations do not require a treating physician to submit a function-by-function assessment of a patient as part of his opinion, and dismissing a treating physician's opinion for that reason is inappropriate.") (collecting

cases)); *accord Brian C. v. Kijakazi*, No. 22-cv-1447, 2023 WL 4564564, at *11 (N.D. Ill. July 17, 2023) (collecting a broad range of cases where a function-by-function analysis is never necessary). Just like no function-by-function analysis is ever required of a treating physician, this reasoning holds true for a consultative examining physician as well.

If the ALJ believed the opinions of Dr. Green were unclear, incomplete, or lacking in specificity, it is the fault of the Commissioner, who ordered Dr. Green's examination and opinions in the first place. The Commissioner has the ability to require every examining physician to provide a function-by-function analysis if that is what the Commissioner determined was required under the governing regulations. Yet it has never done so because this is not the standard. Moreover, the ALJ could have requested clarification from Dr. Green (or from any medical source about their opinion, not just its own examiner) if the ALJ felt the opinions provided were inadequate. 20 C.F.R. § 404.1519p(b). The ALJ did not do so.

In short, Dr. Green's failure to provide a function-by-function analysis does not constitute an acceptable reason for the ALJ's decision to disregard her opinions. Once Dr. Green's opinions are fully considered within the calculus, a different picture of Plaintiff's mental functioning may emerge than the mildly-limited individual described by the ALJ.

It is not that Dr. Green's opinions, if adopted, would have immediately qualified Plaintiff as disabled, but if they were considered more fully in combination with her other impairments, they may have, according to the testimony of the vocational expert ("VE"), precluded work for Plaintiff.[5] This is true particularly since Plaintiff's mental impairments are implicated; although it is axiomatic that one's mental impairments may cause them to be off task or absent more than someone with no mental

---

[5]    In this case, the VE testified to some tight tolerances acceptable to employers. Specifically, the VE testified that being off task for more than 5-6 minutes per hour would be work preclusive (R. 84) and that employers generally only tolerate absenteeism of one day per month (which includes arriving more than one hour late or departing more than one hour early) (R. 83).

impairments, it is up to the claimant's physicians (or other mental health professionals applicable to this type of claims process) to opine how much. *See*, *e.g.*, *Patrice W. v. Kijakazi*, No. 20cv2847, 2022 WL 2463557, at *4 (N.D. Ill. July 6, 2022) (remanding, in part, because "ALJ failed to account for the fact that individuals with mental impairments often have "good days" and "bad days," during which their capabilities differ.") (citing *Mandrell v. Kijakazi*, 25 F.4th 514, 519 (7th Cir. 2022)); *accord T. D. v. Kijakazi*, No. 3:22-cv-225 RRB, 2023 WL 8447994, at *5 (D. Alaska Dec. 6, 2023) (a "variable presentation of symptoms, such as 'good and bad days,' are practically a hallmark feature of mental impairments…"). Here we know that at a minimum, Dr. Green opined that Plaintiff's ability to respond appropriately to co-workers and supervisors was fair (*i.e.*, not adequate) (which may be work preclusive in and of itself, although no one asked the VE).[6] We also know Dr. Green felt Plaintiff had more than some impairment in her abilities to tolerate stressors in the workplace and to carry out tasks with persistence and pace. Moreover, with respect to Dr. Green's opinions, the ALJ wholly failed to engage in the consistency or persuasiveness analyses required of him.[7] *See* 20 C.F.R. § 404.1520c(b)(2); *see also* fn. 4, *supra*. Had the ALJ engaged in the required consistency analysis, it appears to the Court Dr. Green's opinions would be consistent with the opinions from Plaintiff's treating sources, whose own opinions were contemporaneously and consistently confirmed by their office records and treatment notes. *See*, *e.g.*, evidence of depression (R. 1303, 1309, 1311, 1424,

---

[6]     Although the VE did point out that "interactions with others, such as the public, [is] not relevant in the [Dictionary of Occupational Titles" (R. 81), the VE did not discuss at what level one's deficiencies in the ability to get along with co-workers or supervisors would be work preclusive.

[7]     An ALJ is required to evaluate the persuasiveness of each medical opinion based on specific factors: (1) supportability, (2) consistency, (3) the medical source's relationship with the claimant, (4) specialization, and (5) other relevant factors, such as the source's familiarity with other evidence in the claim and understanding of Social Security disability policies and requirements. *Michelle D. v. Kijakazi*, No. 21-cv-1561, 2022 WL 972280, at *4 (N.D. Ill. Mar. 31, 2022) (citing 20 C.F.R. § 404.1520c(c)(1)-(5)). While the ALJ must explain how he considered the first two factors, supportability and consistency, the ALJ may, but is not required to, explain his consideration of the other factors. *See* 20 C.F.R. § 404.1520c(b)(2). Supportability is measured based upon "how much the objective medical evidence and supporting explanations presented by a medical source support the opinion. *Michelle D.*, 2022 WL 972280, at *4 (citing 20 C.F.R. § 404.1520c(c)(1)). "Consistency assesses how a medical opinion squares with other evidence in the record." *Id.* (citing 20 C.F.R. § 404.1520c(c)(2)).

1492, 1498); feelings of guilt (R. 1305); irritability (R. 1306, 1310); anxiety (R. 1303, 1305, 1308, 1310-12, 1314, 1316-20, 1324, 1494, 1500, 1502, 1505, 1510-11); panic attacks (R. 1300, 1305); decreased energy (R. 1304); and sleep disturbances (R. 1301, 1306, 1308, 1310, 1311, 1317, 1319-20, 1324-25, 1492, 1494, 1496, 1500-01, 1503, 1507, 1510-11, 1515).

Finally, once the ALJ rejected both the treating sources' opinions and Dr. Green's opinions "the ALJ was required to point to other evidence to explain how she reached the limits assessed." *Balbina K. v. Kijakazi*, No. 20-cv-5078, 2022 WL 2046216, at *2 (N.D. Ill. June 7, 2022) (citing, in part, *Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011) (RFC assessment cannot stand where ALJ failed to identify medical evidence to substantiate his conclusion) and SSR 96-8p20 ("RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts…")). Here, however, the ALJ failed to cite to specific medical facts or to even persuasive non-medical evidence that supports Plaintiff's mental RFC finding after disregarding all or most of the medical opinions on the issue. This "created an evidentiary deficit" which the ALJ needed to remedy by pointing to *specific* evidence to substantiate his conclusion. *Balbina K.*, 2022 WL 2046216, at *2 (citing *Suide v. Astrue*, 371 Fed. Appx. 684, 689-90 (7th Cir. 2010) (ALJ created an evidentiary deficit by rejecting all opinions, and was required to obtain evidence to fill that void)). Apart from the opinions of Plaintiff's treaters and Dr. Green, which the ALJ largely rejected, the Court is at a loss to determine how the ALJ determined the record supported mostly mild limitations in Plaintiff's mental functioning. Thus, in this respect, the ALJ failed to build the necessary "accurate and logical bridge" supported by an "adequate[] discuss[ion of] the issues and evidence." *Hess*, 92 F.4th at 676; *Dunn*, 794 F. App'x at 522. The Court cannot let the ALJ's decision stand and must remand on this basis.

## CONCLUSION

Based on the foregoing, the Court must reverse and remand for proceedings consistent with

this Memorandum Opinion and Order. Therefore, the Court grants Plaintiff's motion for summary judgment (Dkt. 18), denies the Commissioner's motion for summary judgment (Dkt. 28-1). At this time, the Court offers no opinion as to the other alleged bases of error in the ALJ's decision as raised by Plaintiff.

ENTERED: September 18, 2024

Hon. Keri L. Holleb Hotaling,
United States Magistrate Judge